IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Cr. No. 21-990 MV |
| | ) |
| **DIEGO FERNANDEZ,** | ) |
| | ) |
| Defendant. | ) |

### UNITED STATES' SENTENCING MEMORANDUM

The United States recommends a sentence of 41 months of imprisonment as the appropriate disposition here.

### FACTS

On April 7, 2021, in Bernalillo County, in the District of New Mexico, an NMSP officer attempted to initiate a traffic stop of the defendant for speeding (94 mph/65 mph zone). Instead of stopping, the defendant accelerated in his vehicle to flee from the officer. During the pursuit, the defendant drove recklessly, ran through red lights, and traveled on the wrong side of the road during heavy traffic. NMSP canceled the pursuit for safety reasons once the defendant entered a residential neighborhood.

An NMSP helicopter monitored the defendant's vehicle from the air. The NMSP helicopter notified officers that the defendant's vehicle was parked near a residence. At the residence, NMSP officers observed the defendant and a woman passenger exit the vehicle. The woman surrendered immediately and the defendant briefly fled on foot until he was captured by NMSP officers.

During a tow inventory, NMSP officers found underneath the driver's seat a black and purple Ruger LCP .9mm handgun bearing serial number 32583518 loaded with six (6) rounds of assorted ammunition in the magazine. The firearm was stolen.

NMSP officers advised the defendant of his *Miranda* rights. The defendant understood his *Miranda* rights and agreed to waive them. The defendant admitted that he was driver and knew about the firearm in the vehicle. The defendant gave "an exact description of the firearm." The defendant also stated that he knew that the firearm was stolen but denied ownership of it.

## PROCEDURAL BACKGROUND

On July 15, 2021, a federal grand jury returned an indictment charging the defendant with a violation of 18 U.S.C. §§ 922(g)(1) and 924, that being Felon in Possession of a Firearm and Ammunition. On March 7, 2022, the defendant pleaded guilty to the indictment and entered into a plea agreement with the United States.

On June 29, 2022, the United States Probation Office disclosed the defendant's presentence report ("PSR"). Doc. 31. The defendant's total offense level was calculated at 19. PSR Part A ¶ 33. The defendant's criminal history points were calculated at 14 resulting in a criminal history category of VI. PSR Part B ¶ 44. The resulting imprisonment range is 63 to 78 months. PSR Part D ¶ 75.

The United States must object to the PSR's assessment of a four-level enhancement for possessing a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B). PSR Part A ¶ 25. Pursuant to the terms of the plea agreement between the parties, the United States agreed that the four-level enhancement does not apply. As such, the defendant's final

2

offense level should be 15.   A final offense level of 15 and a criminal history category of VI results in a guideline range of 41 to 51 months of imprisonment.   The United States recommends a sentence at the low-end of that range, 41 months of imprisonment.

## RECOMMENDED SENTENCE

The Guidelines are not the ending point in the sentencing analysis; they are merely one factor for the Court to consider in fashioning a sentence that is "sufficient, but not greater than necessary," to achieve the sentencing goals of 18 U.S.C. § 3553.   Pursuant to this section, judges must consider certain factors when imposing a sentence.   A reasonable sentence is one that "reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence to criminal conduct" and protect[s] the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B), (C); *see also United States v. Booker*, 543 U.S. 220 (2005).   The sentence should "avoid[] unwarranted sentence disparities among defendants who have been found guilty of similar conduct."   Based on these factors, a sentence of 41 months of imprisonment is the appropriate disposition here.

### Nature and Circumstances of the Offense

The nature and circumstances of the offense charged describe the defendant, a previously convicted felon, endangering the community by being in possession of a loaded firearm and driving recklessly a vehicle at an unsafe speed to flee from officers.

Additionally, the nature and circumstances of the offense charged involve a firearm as the defendant, during the course of the charged offense, was illegally in possession of a firearm.   In such a scenario, it is not inconceivable that unfortunate acts of violence and the discharge of a firearm could possibly have occurred.   While there is no known scenario wherein a felon

defendant's possession of a loaded firearm would be excused, there are some scenarios wherein such possession might mitigate the nature and circumstances of the offense; for example, if a felon defendant possessed a firearm so as to protect himself and his small business from physical harm or robbery. This is not one of those scenarios.

### History and Characteristics of the Defendant

The PSR considered the history and characteristics of the defendant. To be sure, there are mitigating factors that explain the defendant's criminal conduct such as PTSD and drug abuse. These factors, however, are unremarkable. For every person like the defendant, there are countless other positive examples of individuals who have endured similar or even worse hardships, but never commit a single criminal offense or abuse alcohol or drugs. The defendant should not be credited for failing to make the right choices in life.

The defendant is a danger to the community. The defendant has distinguished himself as a dangerous, violent, and unrepentant criminal. He has engaged in the systematic and relentless pursuit of criminal activity since the age of 14. PSR Part B ¶ 35. He has shown that he is not amenable to supervision or probation. *See* PSR Part F ¶ 91 ("He has a history of absconding from supervision and prior failures to appear in court"). He has no regard for how his actions may affect others.

### Promote Respect for the Law

The defendant has no respect for the law. The defendant's views reflect a disbelief that his criminal actions ever will result in serious punishment or consequences. The defendant operates in a system apart from law-abiding society. The defendant has demonstrated through

his unrepentant demeanor that he simply does not value the respect and good faith of lawful society.

### Deter Criminal Conduct

There is strong pressure in the need for a sentence that will achieve specific deterrence. The defendant's prior convictions and sentences were not a sufficient deterrent. He has repeatedly squandered opportunities to better himself. In sum, significant deterrence will be required to satisfy § 3553(a)'s requirement that the defendant himself be specifically deterred from further criminal conduct. Such deterrence may be found in a sentence of 41 months of imprisonment.

### Avoid Unwarranted Sentencing Disparities

A sentence within the applicable guideline range is the best approach to preventing unwarranted sentencing disparities between similarly-situated defendants. The imprisonment range is 41 to 51 months for a defendant who has this criminal history category and who has committed the offense at issue here.

### CONCLUSION

A sentence of 41 months of imprisonment will be sufficient, but not greater than necessary, to reflect the seriousness of the offense with which the defendant stands convicted. This sentence will promote respect for the law and attempt to provide just punishment for the offense. Any lesser sentence will fail to afford adequate deterrence to the potential future conduct of the defendant or others. Furthermore, a sentence of 41 months of imprisonment is necessary to protect the public from further crimes of the defendant. The filing of this

document in CM/ECF caused a copy to be served electronically on B.J. Crow, Esq., counsel for the defendant.

                                              Respectfully submitted,

                                              ALEXANDER M.M. UBALLEZ
                                              United States Attorney

                                              */s/ electronically filed 5/12/2023*
                                              Samuel A. Hurtado
                                              Assistant United States Attorney
                                              P.O. Box 607
                                              Albuquerque, NM 87103
                                              (505) 346-7274